IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDDIE J. BARTIE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-2838 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

Eddie J. Bartie, a state inmate proceeding *pro se*, files this habeas petition challenging his disciplinary conviction. After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be dismissed, as follows.

*Background and Claims*

Petitioner reports that he was found guilty of one or more disciplinary infractions of an undisclosed nature at the Wynne Unit in April of 2010, and was punished with forty-five days administrative cell restriction ("ACR"). He complains that, while he was in ACR, he was denied commissary privileges, received a new "jumper" only once a week, and his food was prepared in close proximity to a mildewed shower. He also complains that he was punished twice for the same behavior, in violation of his double jeopardy protections.

Petitioner states that he is not eligible for mandatory supervised release, and that he lost no good time credits as a result of the disciplinary convictions. His administrative appeals of the disciplinary convictions were denied.

*Analysis*

According to well settled precedent, sanctions that merely change the conditions of an inmate's confinement do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, cell restriction, and temporary solitary confinement are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id*. at 767 (noting that forty-five days of commissary and cell restrictions do not implicate due process concerns). Petitioner raises no cognizable habeas claim regarding his disciplinary punishment.

Further, in order to challenge a prison disciplinary conviction by way of a federal habeas petition, a petitioner must have received a punishment sanction which included forfeiture of previously accrued good time credits *and* be eligible for mandatory supervised release. *Id*. Petitioner concedes in the instant case that he does not meet these requirements.

Nor does petitioner raise a viable double jeopardy habeas claim. The double jeopardy clause applies in context of criminal proceedings; prison disciplinary proceedings are not criminal proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (recognizing that prison disciplinary proceedings are not criminal in nature); *Smith v. Jackson*, 2000 WL

2

1598124, *1 (5th Cir. 2000) (unpublished per curiam) (noting that the right to be free from double jeopardy does not apply to prison disciplinary proceedings).

Accordingly, no cognizable federal habeas claim is raised in this petition and the petition must be dismissed.

*Conclusion*

Habeas relief is DENIED and this petition is DISMISSED WITH PREJUDICE. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on August 23, 2010.

_____
Gray H. Miller
United States District Judge